UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| KAYLA SMILEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:23-cv-1001 |
| | ) | |
| DR. KATIE JENNER, in her official | ) | |
| capacity as Indiana Secretary of | ) | |
| Education, | ) | |
| | ) | |
| Defendant. | ) | |

**Complaint for Declaratory and Injunctive Relief / Notice of Claim of
Unconstitutionality of an Indiana Statute**

**Introduction**

1.      Indiana Code § 20-30-17-2 (eff. July 1, 2023), part of House Enrolled Act 1608

(H.E.A. 1608), prohibits, among others, a school employee or staff member of a school

from providing any "instruction" to students in prekindergarten through grade 3 on

"human sexuality." Neither the term "instruction" nor "human sexuality" is defined.  If

teachers violate the law their licenses may be revoked or suspended. Indiana Code § 20-

30-17-2 is unconstitutional as infringing on both the due process and the First

Amendment rights of teachers. Plaintiff, a licensed teacher who will be teaching public

school students in grades 1-3 in the 2023-24 school year, is entitled to a declaration that

the statute is unconstitutional and an injunction preventing its enforcement.

**Jurisdiction, venue, cause of action**

2.     This Court has jurisdiction of this case pursuant to 28 U.S.C. § 1331.

3.     Venue is proper in this district pursuant to 28 U.S.C. § 1391.

4.     Declaratory relief is authorized by 28 U.S.C. §§ 2201, 2202 and by Rule 57 of the Federal Rules of Civil Procedure.

5.     This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of state law of rights secured by the Constitution of the United States.

**Parties**

6.     Kayla Smiley is an adult resident of Marion County, Indiana.

7.     Dr. Katie Jenner is the duly appointed Indiana Secretary of Education and is therefore the chief executive of the Indiana Department of Education. Ind. Code § 20-19-1-1.1.

**Legal background**

8.     Indiana Code § 20-3-1-2 (eff. July 1, 2023) prohibits "[a] school, an employee or staff member of a school, or a third party vendor used by a school to provide instruction from "provid[ing] any instruction to a student in prekindergarten through grade 3 on human sexuality."

9.     "School" is defined to include any public school, laboratory schools established under Indiana Code 20-24.5-2, and the Indiana School for the Deaf and School for the Blind and Visually Impaired. Ind. Code § 20-3-17-1 (eff. July 1, 2023).

10.     H.E.A. 1608 does not prohibit school employees or staff from responding to a student question regarding "human sexuality" and the Act does not prohibit teachers from providing instruction on academic standards developed by the Department of Education or providing the instruction on child sexual abuse required by Indiana Code § 20-30-5-5.7. Ind. Code §§ 20-30-17-3, 4 (eff. July 1, 2023).

11.     The term "human sexuality" is not defined in H.E.A. 1608 or elsewhere in the Indiana Code.

12.     H.E.A. 1608 also does not define what is "instruction."

13.     Teachers are licensed through the Indiana Department of Education, Ind. Code § 20-28-5-1, and on the written recommendation of the Secretary of Education, the Department may suspend or revoke a license for, among other things, "misconduct in office" or "willful neglect of duty," Ind. Code § 20-28-5-7.

**Facts**

14.     Kayla Smiley is a teacher licensed by the Indiana Department of Education.

15.     Beginning at the end of July in 2023, Kayla Smiley will be teaching grades 1-3 in a public school within the Indianapolis Public Schools.

16.     The prohibition in Indiana Code § 20-30-17-2 (eff. July 1, 2023) on "instruction . . . on human sexuality" is so vague that plaintiff is unable to determine how to conform her behavior to the statute so as to not risk losing her license.

17.     In the course of teaching, there are occasions when topics are raised by students that call for a response from a teacher that could potentially fall within the definition of "instruction . . . on human sexuality."

18.     Young children are curious about "where they came from" and it is not unusual for what they read or for what is going on in their lives to prompt discussions on topics that could be construed as "human sexuality," although plaintiff is not sure given the lack of definition of this all-important statutory term.

19.     In order to encourage her students to read and to meet required educational standards, she has maintained, and will continue to maintain, a classroom library that contains age-appropriate books across a diverse spectrum of subjects and concerns, including LGBTQ issues, such as biographies of Harvey Milk, and Elton John. She also has in her student classroom library the book *And Tango Make Three,* which is based on the true story of two male penguins who raise a chick together.

20.     She has no idea whether these books qualify as "instruction . . . on human sexuality" to the extent they mention such topics as same-sex relationships and AIDS. And if students wish to discuss these issues, she has no idea if she can allow these discussions in her classroom.

21.     As a teacher she frequently uses statements made by her students to create teachable moments.

[4]

22.     For example, she has had circumstances where one of her students called something or someone "gay" as a pejorative term. Rather than disciplining the student for using this language or simply instructing her student not to use the term in this way in the future, she has used these moments as a chance to teach her students that the term "gay" should not be used pejoratively. It is impossible to engage in this conversation without explaining what it means to be "gay." She does not know whether this type of important instructional interaction with her students will be deemed to be "instruction on human sexuality."

23.     In an effort to teach basic tolerance of others and to express her personal beliefs, she carries a water bottle in class, in the halls, and before and after school, which has on it stickers and pins supporting LGBTQ rights, such as a statement that "Trans rights are human rights," and that displays rainbow flags that are widely recognized as the symbol of LGBTQ pride. She is unsure if she is still allowed to engage in this display outside of her class or what to do if the display prompts a discussion in her class.

24.     She understands that H.E.A. 1608 allows her to respond to a question from a student regarding "human sexuality," Ind. Code § 20-30-17-4 (eff. July 1, 2023), but she has no idea what that means in practice. She does not know if this means she can only respond to one question or whether she can respond to a series of questions leading to a discussion. Moreover, it is not clear to her what she can do to respond to a single question.

If a student says, "Babies get delivered by storks, don't they?," she assumes that she can respond that this is not the case. But can she say anything else? She does not know.

25.     A review of the videos of the various legislative committee meetings that considered the bill that eventually became H.E.A. 1608 discloses that not even the sponsors of the bill were clear about the meaning of key portions of the law.

- On March 22, 2023, Representative Michelle Davis, one of the House sponsors of the bill, answered a question from Senator J.D. Ford about what a teacher is to do if their response to one question about a student having two moms caused a cascade of other questions from students as the law only allows the teacher to respond to "*a question*." Ind. Code § 20-30-17-4 (eff. July 1, 2023) (emphasis supplied). Representative Davis responded by seeming to agree that the law only allows one question to be asked. "Well, I would hope that knowing that this is out, that this law would be out there, if it passes, that the teacher will answer the question, and then as questions arise, then refer on, like 'this is something you should be discussing with your parents.'"

- On April 10, 2023, Senator Andrea Hunley engaged in this conversation with one of the bill's Senate sponsors, Senator Stacey Donato:

    Sen. Hunley: So, we say that we're prohibited from teaching human sexuality instruction, but we're not defining what that instruction is. . . . Let's say that I am a first-grade teacher, and my belly is starting to grow because I am growing a baby. Am I allowed to tell my students why my belly is growing?"

    Sen. Donato: "If your student asks the question, you're able to answer it."

    Sen. Hunley: "So a student has to say to me first 'Ms. Hunley, why you getting fat?' So, I just can't just walk into the classroom and say, 'Friends, you're going to notice over the course of the next, you know, 6 months, because I'm thinking I wouldn't be showing until 3, so over the course of the next 6 months, you're going to see my belly continue to grow and sometimes mommies grow babies in their bellies.' I couldn't say that to my students?"

Sen. Stacey Donato: "The bill reads if they ask a question."

Sen. Andrea Hunley: "Okay, a student would have to insult me first…"

- During this same hearing Senator Donato was asked if a kindergarten teacher could read a Berenstain Bear book to the students where the bear family has a mom, dad, and baby. Senator Donato responded that "[i]t depends if they're reading it during human sexuality or reading class." However, when Representative Davis was asked on March 22, 2023 by Senator Hunley if it was permissible to have a book in the classroom concerning a mommy bunny and a daddy bunny who have a baby bunny, the Representative's response was that "I haven't read that book…"

26.    Plaintiff understands that if she violates Indiana Code § 20-30-27-2 (eff. July 1, 2023), defendant may move to suspend or revoke her teaching license. She does not want that to occur and will attempt to adjust her behavior so she does not violate the statute, but she is uncertain how to do that.

27.    She is simply not able to discern what is and is not allowed by Indiana Code § 20-30-27-2 (eff. July 1, 2023).

28.    She believes that all her interactions with students, including those in the hallways, before or after school, or even in chance meetings away from school, are opportunities for instruction.

29.    She therefore understands that the term "instruction" may be interpreted to include any interaction with a student, even if the interaction occurs outside of the classroom.

30.    However, in many settings outside of the classroom she has the right under the First Amendment to express herself as a private citizen and she wishes to do so to share

information concerning various positions of interest to the public and to advocate for positions of interest to the public. This includes sharing information about and advocating for positions in support of LGBTQ rights that may fall within the undefined term in Indiana Code § 20-30-27-2 (eff. July 1, 2023) of "human sexuality" and may involve "instruction" if a student in kindergarten through third grade is present.

31.     For instance, if she hears a student, even if that student is in kindergarten through third grade, use the word "gay" pejoratively or make an anti-LGBTQ, or other similarly inappropriate, comment in the school's hallways, after or before school, on the school's playgrounds, or in any other location, she wishes to be able, as a private person, to instruct the young person why that is wrong. However, this could be deemed to be instruction on human sexuality in violation of Indiana Code § 20-30-27-2 (eff. July 1, 2023),

32.     Similarly, she carries her water bottle to instruct those who observe it on tolerance of persons who are LGBTQ. This includes instructing all students, including those in kindergarten through third grade, who may see her carrying the water bottle in the school's hallways, on the school's playground, on school property after or before school, or in other locations. She is unsure if this is instruction on human sexuality in violation of Indiana Code § 20-30-17-2 (eff. July 1, 2023).

33.     Moreover, the statements on her water bottle may provoke comments that could lead to a discussion with young persons in kindergarten through the third grade that

could be construed as instruction on human sexuality in violation of Indiana Code § 20-30-27-2 (eff. July 1, 2023).

34.     During the period of time that she is in the school's hallways, playground, or before and after school, she has the right to engage in private speech that is protected by the First Amendment. And she certainly has that right when she is outside of the school's property. Nevertheless, the vague and uncertain meanings of "instruction" and "human sexuality" impose a chill on her ability to exercise her right to express herself as a private citizen on matters of interest to the public.

35.     At all times defendant has acted and has failed to act under color of state law.

36.     Plaintiff is being threatened with and is being caused irreparable harm for which there is no adequate remedy at law.

**Legal claims**

37.     Indiana Code § 20-30-17-2 (eff. July 1, 2023) violates the Due Process Clause of the Fourteenth Amendment in that the key terms of "instruction" and "human sexuality" are impossibly vague and lack any ascertainable standards for determining whether or not the law has been violated.

38.     To the extent that the prohibition in Indiana Code § 20-30-17-2 (eff. July 1, 2023) impinges on plaintiff's ability to speak as a citizen on matters of public interest and to speak away from work on matters unrelated to her employment and addressed to a public audience, it violates the First Amendment.

[9]

**Request for relief**

WHEREFORE, plaintiff requests that this Court:

a.      accept jurisdiction of this case and set it for hearing at the earliest opportunity.

b.      declare that Indiana Code § 20-30-17-2 (eff. July 1, 2023) is unconstitutional for the reasons noted above.

c.      enter a preliminary injunction, later to be made permanent, enjoining Indiana Code § 20-30-17-2 (eff. July 1, 2023).

d.      award plaintiff her costs and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988.

e.      award all other proper relief.


                                    Kenneth J. Falk
                                    Gavin M. Rose
                                    Stevie J. Pactor
                                    ACLU of Indiana
                                    1031 E. Washington St.
                                    Indianapolis, IN 46202
                                    317/635-4059
                                    fax: 317/635-4105
                                    kfalk@aclu-in.org
                                    grose@ aclu-in.org
                                    spactor@aclu-in.org

                                    Attorneys for Plaintiffs